Stephen B. Coleman (State Bar #021715)
**JACKSON LEWIS LLP**
2398 East Camelback Road, Suite 1060
Phoenix, AZ  85016
Tel. (602) 714-7044
Fax (602) 714-7045
Stephen.Coleman@jacksonlewis.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herb Nelson, a married man,<br><br>                    Plaintiff,<br>        vs.<br><br>Liberty Life Assurance Company of Boston Group Long Term Disability Insurance Policy No. GF3-850-289008-01, an ERISA benefit plan; HD Supply, Inc., a plan administrator,<br><br>                    Defendants. | Case No.:<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. § 1331, 1441(a)-(c), and 1446 and Local Rule 3.7 of the Rules of Practice of the District Court for the District of Arizona, Defendant Liberty Life Assurance Company of Boston("Defendant"), files this Notice of Removal for the following reasons:[1]

1.      A civil action has commenced and is now pending in the Superior Court of Arizona, Maricopa County, Case No. CV2012-016884, with the above caption.

---

[1] Defendant was incorrectly named as "Defendant Liberty Life Assurance Company of Boston Group Long Term Disability Insurance Policy No. GF3-850-289008-01" in the Complaint.

1

2. Copies of the Complaint, Summons, and Certificate of Compulsory Arbitration were served on Liberty Life Assurance Company of Boston on February 6, 2013.

3. Copies of the Complaint, Summons, and Certificate of Compulsory Arbitration were served on HD Supply, Inc. on February 14, 2013.

4. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is removable to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 (a) - (c) on the grounds that the Court has original jurisdiction by virtue of federal question jurisdiction.

5. Plaintiff is seeking to recover long term disability benefits under 29 U.S.C. § 1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with HD Supply, Inc. ("HD Supply")[2] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA").[3] Defendant hereby submits that federal jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331.

6. District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[4]  This action involves claims that relate to the laws of the United States, specifically, the

---

[2] *See* paragraphs 2, 3, 8, 17, 21 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[3] *See* paragraphs 1, 2, 10-12, 14-15, 35-37, 41, 43, 46, 49, and 51 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[4] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005).

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was <u>established or is maintained</u> for the purpose of providing for its participants or their beneficiaries, <u>through the purchase of insurance</u> or otherwise, . . . benefits in the event of sickness, accident, disability, <u>death</u> or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

7. Plaintiff's claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

8. As noted above, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with HD Supply.[5] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). The benefits sought by Plaintiff are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Petition."[6] The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of

---

[5] *See* paragraphs 2, 3, 8, 17, and 21 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[6] *See* paragraphs 1, 2, 10-12, 14-15, 35-37, 41, 43, 46, 49, and 51 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

3

action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

9. Pursuant to Local Rule 3.7, the documents listed below are attached as Exhibit A.

| Date | Description |
|---|---|
| 11/2/2012 | Complaint |
|  | Certificate of Compulsory Arbitration |
| 2/2/2013 | Notice of Intent to Dismiss for Lack of Service |
| 2/6/2013 | Affidavit of Service of Process on Liberty Life Assurance Company of Boston |

10. Pursuant to Local Rule 3.7, the undersigned counsel for Defendant verifies that, to the best of his knowledge and belief, the documents attached as Exhibit A to this Notice of Removal are true and complete copies of all pleadings and other documents filed in the state court proceeding.

11. Removal of this matter is timely pursuant to 28 U.S.C. § 1446. This Notice of Removal has been filed within thirty (30) days of service of process upon the first served Defendant.

12. As evidenced by the Consent attached hereto as Exhibit B, Defendant HD Supply, Inc. consents to the removal of this action.

13. By filing this Notice of Removal, Defendant does not waive its right to assert any defenses and/or objections to which it is entitled.

14. Defendant has on this date given written notice of this filing to all counsel of record, and has sent written notice of this filing, together with a copy of the Notice of

4

Removal, to the Clerk of the Superior Court, Maricopa County, Arizona pursuant to 28 U.S.C. § 1446 and Local Rule 3.7, a copy of which is attached as Exhibit C.

WHEREFORE, Defendant respectfully requests that Case No. CV2012-016884 be removed from the Superior Court of Maricopa County, Arizona into this Court and that this Court make and enter an order of removal of Case No. CV2012-016884.

RESPECTFULLY SUBMITTED this 6th day of March 2013.

JACKSON LEWIS LLP

By:  /s/Stephen B. Coleman
Stephen B. Coleman
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was forwarded via first-class mail on the 6th day of March, 2013 to the following counsel of record:

Alan M. Schiffman, Esq.
Schiffman Law Office, P.C.
4506 North 12th Street
Phoenix, AZ 85014

Erin Ronstadt, Esq.
Ronstadt Law Group, P.L.L.C.
7303 W. Boston Street
Chandler, AZ 85226

Attorneys for Plaintiff

By: /s/Valerie Armstrong

5