# EXHIBIT A

MICHAEL K. JEANES
Clerk of the Superior Court
By Shannon LaSpaluto, Deputy
Date 11/02/2012 Time 16:38:31
Description                 Amount
-------- CASE# CV2012-016884 --------
CIVIL NEW COMPLAINT         301.00

TOTAL AMOUNT                301.00
         Receipt# 22560903

Alan M. Schiffman, SBN 004257
SCHIFFMAN LAW OFFICE, P.C.
4506 North 12th Street
Phoenix, AZ 85014
(602) 266-2667
(602) 266-0141 Fax
alan@schiffmanlaw.com

Erin Ronstadt, SBN 028362
RONSTADT LAW GROUP, P.L.L.C.
7303 W. Boston Street
Chandler, AZ 85226
(480) 705-7550
(480) 705-7503 Fax
erin@ronstadtlaw.com

Attorneys for Plaintiff

IN THE SUPERIOR COURT OF ARIZONA

IN AND FOR MARICOPA COUNTY

| | |
|---|---|
| Herb Nelson, a married man,<br><br>Plaintiff,<br><br>v.<br><br>Liberty Life Assurance Company of Boston Group Long Term Disability Insurance Policy No. GF3-850-289008-01, an ERISA benefit plan; HD Supply, Inc., a plan administrator,<br><br>Defendants. | No. CV2012-016884<br><br>**COMPLAINT**<br><br>(Unclassified Civil Case: ERISA) |

For his claims against Defendants Liberty Life Assurance Company of Boston Group Long Term Disability Insurance Policy No. GF3-850-289008-01 (the "Plan") and HD Supply, Inc. ("HD Supply"), Plaintiff Herb Nelson ("Nelson") alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1.  This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA").

2.  The Plan is a purported ERISA benefit plan established and maintained by HD Supply for the benefit of its employees. The Plan is a welfare benefit plan that offered group long-term disability ("LTD") benefits.

3. HD Supply is the Plan Sponsor and Employer.

4. Upon information and belief, HD Supply is the Plan Administrator and has not properly delegated discretionary authority to any other entity.

5. The Liberty Life Assurance Company of Boston ("Liberty") is the Claims Administrator for the Plan and acts on behalf of the Plan.

6. HD pays premiums for the Plan, and Liberty administers the benefits.

7. The Plan, Group Policy Number GF3-850-289008-01, was issued by Liberty to HD Supply in the State of Georgia and has an effective date of January 1, 2009.

8. At all relevant times, Nelson was a participant and beneficiary of the Plan as an employee of HD Supply.

9. Nelson is a resident of Maricopa County, Arizona. Nelson was a resident of Maricopa County, Arizona at all relevant times.

10. The Plan and Liberty are large companies with their principal place of business in the State of Massachusetts. HD Supply has its principal place of business in Atlanta, Georgia. Defendants are licensed and authorized to do business in Maricopa County, Arizona, and reside and are found within Maricopa County within the meaning of the jurisdiction and venue provisions of ERISA, 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

11. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. §§ 1132(a), 1132(e)(1), and 28 U.S.C. §§ 2201-02 (declaratory judgments).

12. Venue is proper in this Court under ERISA, 29 § 1132(e)(1) and 28 U.S.C. § 1391(b).

13. Nelson satisfied all of the jurisdictional prerequisites to filing a claim in state court, and his claim is timely before this Court.

14. Upon information and belief, HD Supply had authority to make final decisions regarding the payment of disability benefits for the Plan and acted as a fiduciary of the Plan. Accordingly, Nelson is informed and believes that HD Supply is either a "named fiduciary" of the Plan, pursuant to 29 USC § 1133(2); and/or a "deemed fiduciary" pursuant to 29 USC § 1002 (21)(A); and/or a "designated fiduciary," pursuant to 29 USC § 1105(c)(1)(B).

15. Upon information and belief, Liberty had authority to make final decisions regarding the payment of disability benefits for the Plan and acted as a fiduciary of the Plan. Accordingly, Nelson is informed and believes that Liberty is either a "named fiduciary" of the Plan, pursuant to 29 USC § 1133(2); and/or a "deemed fiduciary" pursuant to 29 USC § 1002 (21)(A); and/or a "designated fiduciary," pursuant to 29 USC § 1105(c)(1)(B).

## GENERAL ALLEGATIONS

16. HD Supply provided certain HD Supply employees with LTD insurance pursuant to the Plan and the Policy.

17. At all times relevant, Nelson was an employee of HD Supply and remained a covered individual under the Plan eligible for LTD benefits.

18. Under the terms of the Plan, HD Supply promises and becomes obligated to pay covered LTD insurance benefits when Nelson becomes "disabled" from performing the "Material and Substantial Duties" of his "Own Occupation" during the first 24 months for which LTD benefits are paid. Thereafter, Nelson must be disabled from "Material and Substantial Duties of Any Occupation" until the end of the Maximum Benefit Period if he is to continue receiving LTD benefits. HD Supply must pay 60% of the first $4,400.93 of Nelson's Predisability Earnings, minus any "Deductible Income."

19. Under the Plan, the "'Own Occupation Definition of Disability' means the Covered Person's occupation that he was performing when his Disability or Partial

-3-

Disability began. The Covered Person's occupation will be considered as the Covered Person's occupation as it is normally performed in the national economy.

20. Prior to becoming disabled, Nelson was an Inside Sales Order Clerk making an annual salary of $52,811.20.

21. HD Supply administered the Plan in Arizona to its employees, including Nelson.

22. Among his disabling symptoms, Nelson became disabled in June 2, 2011 due to a left ankle fracture as a result of a motorcycle accident and lymphedema, an incurable disease.

23. Liberty, acting as the claims administrator and at all times as an agent for HD Supply, found Nelson to be disabled under the Plan as of June 2, 2011. Nelson received short-term disability ("STD") benefits beginning on June 2, 2011 through August 31, 2011. After a 90-day benefit waiting period, Liberty approved LTD benefits, payable as of September 1, 2011.

24. Liberty administered both Nelson's STD and LTD benefits claims.

25. Liberty found Nelson no longer disabled as of September 8, 2011.

26. Nelson timely appealed the Liberty's initial denial on or about October 17, 2011.

27. On November 4, 2011, Liberty issued its final denial, terminating LTD benefits as of September 8, 2011.

28. Nelson's medical conditions never improved and worsened since he was initially approved for STD and then subsequently LTD benefits.

29. Nelson continues to be disabled as defined by the Plan for LTD benefits eligibility.

30. Nelson qualified for Social Security Disability Benefits and was found totally disabled by the Social Security Administration as of June 1, 2011.

31. Nelson's claims are subject to *de novo* review.

32. Nelson has exhausted his administrative remedies under the Plan.

33. On information and belief, Nelson may be entitled to additional benefits from HD Supply as a disabled employee including, but not limited to, health insurance, life insurance, supplemental LTD benefits, and retirement/pension credits.

## COUNT I
### (Recovery of Plan Benefits)

34. All previous paragraphs are incorporated by reference.

35. The Plan is an Employee Welfare Benefit Plan as defined in ERISA, 29 U.S.C. § 1002. Defendants are the Plan, plan administrators or plan fiduciaries of the Plan under ERISA.

36. A participant is entitled to recover benefits under the terms of the plan, to enforce rights under the terms of the plan, and to clarify rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B).

37. A civil action may be brought by a participant (A) to enjoin any act or practice which violates any provision of Title I of ERISA or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of Title I of ERISA or the terms of the plan. 29 U.S.C. § 1132(a)(3).

38. The Plan represents LTD coverage and a promise to provide LTD benefits until Nelson is no longer disabled under the terms of the Plan.

39. Nelson became disabled in 2011, and continues to be disabled and is unable to perform the duties of his occupation or any other gainful occupation under the terms of the Plan. He has claimed the benefits under the Plan to which he is entitled.

40. Nelson reasonably expected that his conditions met the requirements of Disability as defined by the Plan for LTD benefits, and that he would receive benefits under the Plan until his normal retirement age or until he was no longer disabled.

41. Despite the coverage of Nelson's disability, Defendants have improperly denied LTD benefits to Nelson in breach of the Plan. This breach was arbitrary,

capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous and in violation of § 503 of ERISA.

42. Defendants' determination that Nelson was not entitled to benefits was tainted by a structural conflict of interest that requires that its decision be reviewed with increased skepticism.

43. Defendants' procedural violations of ERISA and its regulations require that the decision be reviewed with increased skepticism.

44. Liberty improperly inserted terms into the Plan that substantially altered the definition of disability under which Nelson is entitled to benefits.

45. Liberty improperly ignored the opinions of Nelson's treating physicians in favor of a nurse review and improperly relied on new evidence to uphold its benefits denial.

46. Defendants failed to administer the claim in Nelson's best interests as a beneficiary under the Plan in violation of its fiduciary duties under ERISA.

47. Nelson has exhausted his administrative remedies.

48. Defendants are not entitled to an arbitrary and capricious standard of review of their decision in this action.

49. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Nelson is entitled to recover all benefits due under the terms of the Plan, and to enforce his rights under the Plan.

50. Nelson is entitled to reinstatement of any other employee benefits that were terminated, discontinued, or suspended as a result of the termination of his disability benefits.

51. Pursuant to 29 U.S.C. § 1132(g), Nelson is entitled to recover his attorneys' fees and costs incurred herein from Defendants.

52. Nelson is entitled to prejudgment interest on the benefits to which he is entitled and on his damages at the highest legal rate until paid.

WHEREFORE, Nelson prays for entry of judgment against Defendants as follows:

A. For all past and future LTD benefits under the terms of the Plan;

B. Enforcing Nelson's rights under the terms of the Plan;

C. Clarifying and determining Nelson's rights to future benefits under the terms of the Plan;

D. For an award of Nelson's attorneys' fees and costs incurred herein;

E. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

F. For such and further relief as the Court deems just and reasonable.

Dated this 2nd day of November 2012,

SCHIFFMAN LAW OFFICE, P.C.
and
RONSTADT LAW GROUP, P.L.L.C.

By: _____
Alan M. Schiffman 4257
Attorneys for Plaintiff

MICHAEL K. JEANES, CLERK
BY /s/ A. Lafabits DEP
FILED

12 NOV -2 PM 4:37

Alan M. Schiffman, SBN 004257
SCHIFFMAN LAW OFFICE, P.C.
4506 North 12th Street
Phoenix, AZ 85014 (602) 266-2667
(602) 266-0141 Fax
alan@schiffmanlaw.com

Erin Ronstadt, SBN 028362
RONSTADT LAW GROUP, P.L.L.C.
7303 West Boston Street
Chandler, AZ 85226
(480) 705-7550
(480 (705-7503 Fax
erin@ronstadtlaw.com

Attorneys for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Herb Nelson, a married man,<br><br>           Plaintiff,<br><br>vs.<br><br>Liberty Life Assurance Company of Boston<br>Group Long Term Disability Insurance<br>Policy No. GF3-850-289008-01, an ERISA<br>Benefit plan; HD Supply, Inc., a plan<br>administrator,<br><br>           Defendants. | CV2012-016884<br><br>CIVIL ACTION NO.:<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

The undersigned certifies that he knows the dollar limits and any other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this case **is not** subject to compulsory arbitration, as provide by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

DATED this 2nd day of October, 2012.

SCHIFFMAN LAW OFFICE, P.C.

By: _____
Alan M. Schiffman
Attorneys for Plaintiff

ORIGINAL of the foregoing
delivered this 2nd day of October,
2012 to:

Court Administrator
Maricopa County Superior Court
201 West Jefferson
Phoenix, Arizona 85003

| Office Distribution | SUPERIOR COURT OF ARIZONA<br>MARICOPA COUNTY | **FILED**<br>02/06/2013<br>by Superior Court Admin<br>on behalf of Clerk of the<br>Superior Court |
|---|---|---|

02/02/2013

COURT ADMINISTRATION

Ct. Admin
Deputy

**Case Number:** CV2012-016884

**Herb Nelson**

**V.**

**Liberty Life Assurance Company Of Boston Group Long Term Disability Insurance**

---

The Judge assigned to this action is the Honorable Maria Del Mar Verdin

### NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 11/02/2012 is subject to dismissal pursuant to Rule 4 (i), Arizona Rules of Civil Procedure. The deadline for completing service is 03/04/2013. If no judge has extended time for completing service and no defendants have been served by this date, this case will be dismissed.

# Superior Court of Maricopa County - Integrated Court Information System
## Endorsee Party Listing
Case Number: CV2012-016884

| Party Name | Attorney Name | |
|---|---|---|
| Herb Nelson | ALAN M SCHIFFMAN | Bar ID: 004257 |

SCHIFFMAN LAW OFFICE, P.C.
4506 North 12th Street
Phoenix, AZ 85014
Phone: (602) 266-2667  Fax: (602) 266-0141

MICHAEL R. JEANES, CLERK
BY KKee DEP
FILED
13 FEB 12 PM 4: 14

IN THE SUPERIOR COURT OF THE STATE OF
ARIZONA IN AND FOR THE COUNTY OF MARICOPA

HERB NELSON,

    Plaintiff,

vs.

LIBERTY LIFE ASSURANCE COMPANY OF
BOSTON GROUP LONG TERM DISABILITY
INSURANCE POLICY NO. GF3-850-289008-01, an
ERISA Benefit Plan; HD SUPPLY, INC., a Plan
Administrator,

    Defendants.

Case No: CV2012-016884
AFFIDAVIT OF
SERVICE OF PROCESS

Affiant being duly sworn, states: I am qualified to serve process in this cause, under the applicable laws of the State of Arizona. I received the following documents in this action:
from SCHIFFMAN LAW OFFICE, P.C., and in each instance I served a copy of each document listed above on those named below at the time and place shown in the manner indicated below:

Upon: Receptionist, Gail Treddin.
Address: Liberty Life Assurance Company of Boston, 9 Riverside Road, Weston, MA 02493

On 2/6/2013 (mm/dd/yyyy) at the hour of: 4:00 (time) a.m./p.m of said day.

(✓) In person at his/her place of employment.
(  ) In person at his/her residence.
(  ) In person at a location other than residence: _____

| Gender | Race | Height | Weight | Hair | Eyes | DOB |
|--------|------|--------|--------|------|------|-----|
| F | C | 5'6 | 145 | Red | Blue | 1949 |

Affiant: _Sarah LeJeune_ (signature)    Sarah LeJeune (printed name)

Subscribed and sworn to before me this 6 day of February, 2013.

Notary Public: _____
My Commission Expires: 6-18-15


ARTHUR A. VANETZIAN
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Comm. Expires June 18, 2015

# EXHIBIT B

Stephen B. Coleman (State Bar #021715)
**JACKSON LEWIS LLP**
2398 East Camelback Road, Suite 1060
Phoenix, AZ 85016
Tel. (602) 714-7044
Fax (602) 714-7045
Stephen.Coleman@jacksonlewis.com

**Pro Hac Vice Pending**
Iwana Rademaekers (TX Bar No. 16452560)
**JACKSON LEWIS LLP**
500 N. Akard, Ste 2500
Dallas, Texas 75201
Tel. (214) 520-2400
Fax. (214) 520-2008/
rademaei@jacksonlewis.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herb Nelson, a married man, | Case No.: _____ |
| Plaintiff, | |
| vs. | **DEFENDANT HD SUPPLY, INC.'S CONSENT TO NOTICE OF REMOVAL** |
| Liberty Life Assurance Company of Boston Group Long Term Disability Insurance Policy No. GF3-850-289008-01, an ERISA benefit plan; HD Supply, Inc., a plan administrator, | |
| Defendants. | |

HD Supply, Inc. ("HD Supply"), Defendant herein, files this Consent to Removal and in support would show the Court the following:

1

1. Contemporaneously with the filing of this Consent, Defendant Liberty Life Assurance Company of Boston Group Long Term Disability Insurance Policy No. GF3-850-289008-01 filed a notice of removal.

2. HD Supply hereby gives notice to the Court and to all parties that it consents to the removal of Plaintiff's Complaint filed by Plaintiff Herb Nelson in Cae No. CV2012-016884, previously pending in the Superior Court, Maricopa County, Arizona, which has been removed into this United States District Court.

Signed this 5th day of March, 2013.

**HD SUPPLY, INC.**

By: *Susan V. Stucker*
Typed Name: Susan V. Stucker
Title: Vice President – Legal, Labor & Employment

# EXHIBIT C

Stephen B. Coleman (State Bar #021715)
**JACKSON LEWIS LLP**
2398 East Camelback Road, Suite 1060
Phoenix, AZ 85016
Tel. (602) 714-7044
Fax (602) 714-7045
Stephen.Coleman@jacksonlewis.com

Attorneys for Defendants

IN THE SUPERIOR COURT OF ARIZONA

IN AND FOR MARICOPA COUNTY

| | |
|---|---|
| Herb Nelson, a married man,<br><br>Plaintiff,<br>vs.<br><br>Liberty Life Assurance Company of Boston Group Long Term Disability Insurance Policy No. GF3-850-289008-01, an ERISA benefit plan; HD Supply, Inc., a plan administrator,<br><br>Defendants. | Case No.: CV2012-016884<br><br>**DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |

Pursuant to Title 28 of the United States Code, Section 1446(d), Defendant Liberty Life Assurance Company of Boston Group Long Term Disability Insurance Policy No. GF3-850-289008-01 ("Defendant"), hereby give notice of the filing of a Notice of Removal, removing this action from this Court to the United States District Court for the District of Arizona. A copy of Defendant's Notice of Removal, filed this day in federal court, is attached hereto as Exhibit "A."

1

No further action need be taken by this Court, other than forwarding a complete copy of the record of this action to the United States District Court, unless and until this action is remanded to this Court. *See* 28 U.S.C. § 1446(d).

RESPECTFULLY SUBMITTED this 6th day of March 2013.

JACKSON LEWIS LLP

By:    /s/Stephen B. Coleman
       Stephen B. Coleman
       Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was forwarded via first-class mail on the 6th day of March, 2013 to the following counsel of record:

Alan M. Schiffman, Esq.
Schiffman Law Office, P.C.
4506 North 12th Street
Phoenix, AZ 85014

Erin Ronstadt, Esq.
Ronstadt Law Group, P.L.L.C.
7303 W. Boston Street
Chandler, AZ 85226

Attorneys for Plaintiff

By: /s/Valerie Armstrong